CASE 64—PETITION EQUITY—MAY 28.

99 395
e117 494

## Stephens  et al v. Felton  et al

APPEAL FROM KENTON CIRCUIT COURT.

1. CLASSIFICATION OF CITIES—ESTABLISHMENT OF TOWNS.—The act of September 30, 1892, classifying the cities and towns of this Commonwealth, deals only with those cities and towns which were incorporated by statute prior to that time, and the fact that a place was designated therein as a town of a particular class, did not have the effect to incorporate that town, when it was prior to that merely a civil district.

W. W. CLEARY AND D. A. GLENN FOR APPELLANTS.

Stephens et al v. Felton et al.

1. An act of the legislature which mapped out a certain territory, by well defined boundaries, and which provided for the election of justices of the peace and a constable and a board of trustees, which trustees are empowered to appoint a clerk, treasurer, collector, and such "other corporation officers" as were necessary, and also empowered to pass by-laws and rules for the protection of persons and property, and gives control of the streets and roads therein, with power to levy taxes for grading and macadamizing same, and to impose a license tax on saloons, bowling alleys, pool-tables, etc., creates a municipal corporation, even though it is termed a district. (Malchus v. District Highlands, 4 Bush, 457.)

2. Section 156 of Constitution, and succeeding sections uses "Municipal Corporations" as synonymous with the words "Cities and Towns."

TISDALE & GRAŸ FOR APPELLEES.

1. A person outside of the boundary proposed to be incorporated as a town has no standing in court to object to the proceeding.

2. A person who resides within said boundary must present his objections in that proceeding and no other.

3. An act designating Milldale as a city of the fifth class did not create or establish a city of that name, because if it did, it would render that section of the Constitution null and void, which requires the incorporation of towns under a general law.

4. The act designating Milldale a city of the fifth class does not make the South Covington District a municipal corporation under a new name.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Thomas B. Stephens and others, appellants, brought an action to enjoin Matthew Felton and others from further proceedings to have established and incorporated as a town, by the name of "Latonia," certain territory described in the petition of appellees filed for that purpose, and then pending in the Kenton Circuit Court, and which territory appellants allege is within the boundary of what was originally designated by a statute as "South Covington District," but, as they aver, now an incorporated town known by the name of "Milldale."

Peter Keller and others brought an action, alleging they are the duly elected trustees of "South Covington District," and ask an injunction restraining Charles G. Mason and others from assuming the offices of mayor, police judge and councilmen of the town of Milldale thereby superseding plaintiffs as such trustees.

The two actions being consolidated, judgment was rendered perpetually enjoining Mason and others from asserting claim to or exercising powers of the respective offices of mayor, police judge and councilmen, and dismissing the action of Stephens and others against Felton and others.

It appears that in 1884 certain territory within the county of Kenton was incorporated, and called "South Covington District," and, although provision was made in the statute for the election of trustees, having the same powers as trustees of a regularly organized town, still the territory, which included many farms, was recognized and intended as a civil district and voting precinct, within which were to be two justices of the peace and a constable, possessing and exercising fully within and for that territory the functions of those offices. The territory was not marked out and set apart as a town, but simply as a civil district, much less was it known or designated in the original statute as the town of "Milldale."

In that condition was the "South Covington District" when the statute of September 30, 1892, now chapter 89, Kentucky Statutes, was enacted, wherein, by section 2740, cities and towns of this Commonwealth were classified, "Milldale, Kenton county," being designated as a town of the fifth class; but as there had been no previous legislation incorporating that particular territory as a town, in meaning of chapter 89, and it would have been impracticable and

oppressive to do so, as a very large part of it was used for farming purposes, we do not think section 2740 operated or was intended to so operate as to make it a town. The Legislature was then dealing with places which had been already created, and incorporated by statute as towns and cities, and upon the incorrect assumption that the territory in question, or certain described territory, had been so created and incorporated as a town, called Milldale, it was simply classified as such. That the Legislature did not intend thereby to create towns, not before existing as such, is shown by section 2713, same chapter, where creation and organization of towns is provided for.

Judgment affirmed.