CASE 40—ACTION FOR FALSE IMPRISONMENT—OCT. 25.

# Roberts v. Hackney.

### APPEAL FROM LAUREL CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   REVERSED.

OFFICERS—JUDICIAL POWERS—POWER TO PUNISH FOR CONTEMPT—RE-
PEAL OF STATUTE BY CONSTITUTION.

Held:   The power to hear and determine the offense of contempt,
and fix the punishment therefor by fine or imprisonment, is a
judicial power, which, under the present Constitution, neither
the mayor of a city nor the chairman of the board of trustees
of a town can exercise; and therefore the provisions of Criminal
Code Practice, secs. 26, 32, so far as they, in connection with
Kentucky Statutes, sec. 1301, conferred such power on those min-
isterial officers, were repealed by the Constitution, either at once
upon its adoption, or after six years therefrom.

J. A. CRAFT, ATTORNEY FOR APPELLANT.

1. Appellee claims authority under section 32, Criminal Code, for
causing appellant to be summoned before him to be examined on
oath, and for committing appellant to the jail of Laurel county
for refusing to answer questions.   Appellee was chairman of the
board of trustees of the town of London, and by virtue of such
office has no such authority.   .
2. Under the present Constitution the power of trustees of towns
including the chairman, is strictly legislative and not judicial.
3. Section 142 of the Constitution, and the general law enacted in
conformity therewith, operates as a repeal of all acts conferring
judicial powers upon a chairman of a board of trustees, or other
like officer.   Sections 26 and 32, Criminal Code; secs. 27, 28,
60 and 142, Constitution of Ky., Ky. Stats., secs. 2743, 3704, 3708
and 3710, Ch. 89, McTigue v. Commonwealth, 99 Ky., 66.

CHAS. R. BROCK & TINSLEY & FAULKNER, ATTORNEYS' FOR AP-
PELLEE.

1. The judgment overruling the demurrer to the second paragraph of
appellee's answer, should be affirmed, because:
    (a) The appellee at the time the act complained of occurred,
was chairman of the board of trustees of the town of London,

and by virtue thereof was a magistrate, and therefore had the right to punish appellant for contempt.

2. **The** contention of the appellant, is, that the present Constitution of Kentucky and the enactment of the new and general charter for all towns, has had the effect to repeal section 26 of the Criminal Code. This position is not tenable. Criminal Code, secs. 26 and 32; Com. v. Cummins, 18 B. Monroe, 26; Jaggard on Torts, vol. 1, p. 118.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellee was chairman of the board of trustees of Lyndon, Ky., a town of the sixth class. He had reason to believe intoxicants were being sold in town contrary to law, and summoned appellant before him to inquire of him, under oath, the name of the offender. Appellant appeared, and refused to answer any questions. Appellee thereupon committed him to jail for five hours. After his release from custody, appellant filed this suit against appellee to recover damages for the imprisonment. Appellee filed answer pleading his authority, to which appellant demurred. The demurrer was overruled, and he standing by his demurrer, his action was dismissed. The petition was defective, but was cured by the answer. A demurrer to an answer can not be carried back to the petition, and sustained to it, when the answer supplies the averments omitted from the petition.

The only question in the case is therefore as to the sufficiency of the authority of appellee to do the acts complained of. He relies on sections 26, 32, Cr. Code Prac., which, so far as material, are as follows: "A warrant of arrest may be issued by the following officers, who are called magistrates in this Code, viz.: Judges of the county courts, judges of city or police courts, mayors, chairmen of the trustees of towns and justices of the peace. . . ."

Section 26. "A magistrate, if satisfied that any public

offense has been committed, shall have power to summon before him any person he may think proper for examination on oath concerning it, to enable him to ascertain the offender, and to issue a warrant for his arrest."

Section 32. Section 1301, Kentucky Statutes, is as follows: "No justice's, county, quarterly or police court or inquiring court shall inflict a fine of more than three dollars or imprison more than six hours."

The Criminal Code of Practice went into effect in 1877, and was adopted under the Constitution of 1851. We do not find anything in the statutes passed since the adoption of the new Constitution expressly repealing these provisions of the Code. Repeals by implication are not favored. The only question we deem it necessary to determine is whether these provisions were repealed by the present Constitution.

By the first article of the schedule, it is declared that all laws which are inconsistent with the Constitution shall cease upon its adoption, except that all laws which are inconsistent with such provisions as require legislation to enforce them shall remain in force until such legislation is had, but not longer than six years after the adoption of the Constitution. The Constitution was adopted September 28, 1891. The six years, therefore, expired on September 28, 1897, and before the transaction complained of occurred, which was on August 26, 1898. If, therefore, these provisions of the Code of Practice belong to either of the classes of law above referred to, they were not in effect at the time of the alleged wrongs complained of.

By section 1, article 4, of the Constitution of 1851, the judicial power of the Commonwealth was vested in one supreme court, "and such courts, inferior to the supreme court, as the General Assembly may from time to time

erect and establish." Under this provision, the General Assembly vested in county judges, mayors of cities, and other classes of officers, both ministerial and judicial powers. This was done from the foundation of the Commonwealth. Pennington v. Woolfolk, 79 Ky., 13.

But by section 109 of the Constitution now in force, the judicial power of the Commonwealth is vested in the courts established thereby. These are the court of appeals, circuit courts, quarterly courts, county courts, justices' courts, police courts, and fiscal courts; section 143 providing for the jurisdiction of police courts in cities of the sixth class, and section 160 for the election of the police judge. Under this imperative provision of the Constitution, no judicial power can be exercised by any other officer except those named, unless authorized by some other provision of that instrument. There is no provision vesting such power in appellee, and he could not exercise the power of committing appellant to jail for contempt unless such power may be exercised by a ministerial officer.

In 6 Am. & Eng. Enc. Law (2d Ed.) p. 1058, it is said: "The power to punish for contempt, while belonging in a limited way to legislative bodies, is nevertheless a judicial function of high importance, and can not, according to the weight of authority, be delegated to non-judicial officers or bodies."

The decisions which justify the delegation of this authority to notaries public and other ministerial officers, so far as we have seen, rest on Constitutions like that of 1851 in this State, where the Legislature is authorized to create inferior courts, and vest in them such judicial power as it sees fit, and it is held that in exercising such power the officer sits as a court exercising a judicial function. Con-

tempt is in the nature of a criminal offense, and is so punished under our statutes, being placed in the chapter regulating crimes and punishments. The power to hear and determine this offense, and fix the punishment of it by fine or imprisonment, is necessarily a judicial power, which, under our present Constitution, neither the mayor of a city nor the chairman of the board of trustees of a town can exercise.

The sections of the Code above quoted, so far as they, in connection with section 1301, Kentucky Statutes, conferred such power on these ministerial officers, are no longer applicable.

The judgment of the court below is therefore reversed, and cause remanded, with directions to sustain the demurrer to the second paragraph of the answer, and for further proceedings consistent with this opinion.

Petition for rehearing denied but former opinion modified as follows:

The fact that the statutes relied on by appellee had not been adjudged abrogated by the present Constitution of the State when the acts complained of were done does not exempt him from liability therefor. But proof that he acted in good faith, believing he was only discharging a duty the law imposed upon him, may be introduced upon the trial in mitigation of damages; and, if the jury find this to be the fact, appellant's recovery should be confined to compensation for the actual injury sustained. The opinion is to this extent modified. Petition overruled.