CASE 78—ACTION BY B. L. BACBY AGAINST THE TOWN OF GRAYSON FOR AN INJUNCTION PREVENTING ONE WYLIE RROM TRYING HIM FOR A BREACH OF THE PEACE—MAY 27.

# Town of Grayson v. Bagby.

### APPEAL FROM CARTER CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

POLICE JUDGES—DISQUALIFICATION—SPECIAL JUDGE—RIGHT TO RE-MOVE TRIAL TO ANOTHER COURT—AUTHORITY OF TOWN TRUSTEES TO DESIGNATE PERSON TO PRESIDE IN POLICE COURT—CONSTITU-TIONALITY OF SECTION 3711, KENTUCKY STATUTES.

1. Section 3711, Kentucky Statutes, authorizing the board of trustees of towns of the sixth class to provide by ordinance who shall act in the place of the police judge when he is sworn off the bench, is not in conflict with the Constitution.

2. Where a defendant is charged with a breach of the peace and files an affidavit of prejudice against the police judge, he is not thereby entitled to have his trial removed to another court but must be tried before the person designated by the town ordinance to take the place of the police judge as provided in section 3711, Kentucky Statutes.

ARMSTRONG & WOODS, FOR APPELLANT.

The only question in this case is, whether the board of trustees of a town of the sixth class has a right to designate by ordinance a person other than a county judge or a justice of the peace to act in the place of the regular police judge where he is disqualified?

This question involves the constitutionality of section 3711 of the Kentucky Statutes.

The board of trustees of the town of Grayson, by an ordinance designated S. M. Wylie to act as police judge in the place of the regular judge when he was absent, or could not properly preside, or was sworn off the bench. The appellee was tried by him after the regular judge was sworn off the bench, and a fine was assessed against him, and in order to test the right of the board to designate Wylie to act, an agreed case was submitted to the circuit court, and this appeal is from the judgment of the circuit court.

It is admitted that Wylie, the special judge, has the same qualifications as the regular police judge.

The contention of appellee that the county judge or a justice of the peace should be designated, is not only absurd but impractical, because the police judge is required to be a resident of the town and the county judge and justice may neither reside in the town, and in this instance neither does reside in the town.

We submit that section 3711 is not in conflict with the Kentucky Constitution, and that the person designated by the town ordinance to act in place of the police judge not being in any way disqualified, had the right to try the appellant, and the judgment of the circuit court should be reversed.

### CITATIONS.

Kentucky Statutes, secs. 1126, 2926, 2027, 3170, 3512, 3711, 3710, 3746; Kentucky Constitution, sec. 160, Acts of Legislature, 1896, pp. 37, 38.

THEOBALD & THEOBALD, ATTORNEYS FOR APPELLEE.

Our contention is:

1. By section 11, Constitution of Kentucky, the General Assembly was given the power to provide for a change of venue.

2. By section 1126, Kentucky Statutes, such power has been exercised by the Legislature, as follows: "In any criminal or penal prosecution before a county judge or justice, or police judge, either party may have a change of venue to a justice's court for the same reasons that a change may be granted in civil cases pending in justices' courts.

3. Section 1107 prescribes for what reasons parties may obtain such change, that is, if he make oath that he believes he can not have a fair trial in the court in which the case is pending.

4. Section 148, Kentucky Constitution, provides for the jurisdiction of police courts in cities of the sixth class, and section

Town of Grayson v. Bagby.

160 for the election of a police judge. These provisions of the Constitution are imperative and no judicial power can be exercised by any officer except those named in that instrument. There is no provision vesting such power in appellant, and it had no authority to designate Wylie to act as such judge, he not being a judicial officer at the time.

### AUTHORITIES CITED.

Constitution of Kentucky, secs. 11, 109, 143 and 160; Kentucky Statutes, secs. 1107, 1126; Roberts v. Hackney, 14 Ky. Law Rep., 975.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

The appellee was arrested by the legal authorities of appellant, charged with violating an ordinance—a breach of the peace—and was taken before the regular police judge. Appellee filed his affidavit, swearing him off the bench. Samuel Wylie, who had been designated, under an ordinance of the town, as provided by section 3711 of the Kentucky Statutes of 1899, to preside in such cases, was called in to preside. The appellee objected to Wylie's presiding, for the reason, as he claimed, that the ordinance designating him, and that part of section 3711 of the Kentucky Statutes of 1899 authorizing such an ordinance, were unconstitutional; and he filed his petition in the Carter circuit court, with the necessary allegations, and asked an injunction restraining him from so presiding. The parties agreed upon the facts to be submitted to the court, and the lower court sustained the petition of appellee, and the case is here on appeal.

The appellant is a town of the sixth class. The only question necessary to be decided on this appeal is whether section 3711 of the Kentucky Statutes of 1899, or that part of it, to-wit, "The board of trustees shall, by ordinance, provide who shall act in the place of the police judge when he is absent, or when, from any cause, he can not preside, or

Town of Grayson v. Bagby.

when he is sworn off the bench," is valid. The appellee contends that this section of the statutes is not void if construed to mean that s me judicial officer, such as a county judge or justice of the peace, should be designated to act in lieu of a regular police judge, and refers to section 109 and other sections of the Constitution, which establish the Court of Appeals, circuit court, quarterly courts, justices courts, police courts, and fiscal courts, and claims these provisions of the Constitution are imperative, and no judicial power can be exercised by any officer except those named in the Constitution, and that there is no provision vesting such power in appellant, and it had no authority to designate Wylie as such judge; he not being a judicial officer at the time.

We agree with appellee that no courts can be established, other than those named in the Constitution, for section 135 of the Constitution says, "No courts, save those provided for in this Constitution, shall be established." Section 3711 of the statutes does not undertake to establish any other court—it is to be the same police court—but only authorizes, in the emergencies therein named, another person to fill the position, which authorized him to exercise judicial powers in the particular cases. Appellee refers to the case in 109 Ky., 265, 22 R., 975, 58 S. W., 810, where Roberts sued Hackney for false imprisonment. Hackney was chairman of the board of trustees of London, a sixth-class town, and undertook, under authority of Cr. Code, section 32, to summon witnesses to appear before him, to ascertain if an offense had been committed and Roberts was one of the witnesses summoned. He refused to answer questions, and Hackney committed him to jail for five hours for contempt. The court in the case referred to decided that Hackney was not a magistrate, and had no

such power.  Prior to the enactment of the present law,
many if not all of the charters of sixth-class towns author-
ized and directed the chairman of the board of trustees to
act in place of the police judge in case of his absence or in-
ability to preside.  Hackney made the mistake in believing
such power existed, when in fact the present law—the
statute above quoted—was in force at the time.  The Gen-
eral Assembly had the power, under the present Constitu-
tion, to enact the statute referred to.  In section 152 of
the Constitution, this language is found:  "Vacancies in all
offices for the State at large or for districts larger than
a county shall be filled by appointment of the Governor;
all other appointments shall be made as may be prescribed
by law."  And in section 160 this language is found:  "Of-
ficers of towns or cities shall be elected by the qualified
voters therein, or appointed by the local authorities there-
of, as the General Assembly may, by a general law, provide.
. . . The General Assembly shall prescribe the qualifi-
cations of all officers of towns and cities, the manner in
and causes for which they may be removed from office, and
how vacancies in such offices may be filled."  The General
Assembly, by section 3671, Ky. St 1899, provided that no
one should be eligible to hold the office of police judge in
a town of the sixth class unless he was a resident and voter
therein, and had resided in the town for one year next
preceding the date of his election or appointment.

It is agreed that Wylie possessed the qualifications of
police judge, as required by the statutes; but appellee con-
tends that, under section 1126 of the statutes, when he
filed his affidavit taking the regular judge off the bench
he should have the right to take it to another court; that
his affidavit *ipso facto* took it out of the police court; and
that he was entitled to a trial before the county judge, or

some justice of the peace of the county. We can not agree with him in this. The statute he refers to was in existence long before the Kentucky Statutes were published, and long before section 3711 was enacted; and, if there is any conflict between section 1126 and that section, which it is not necessary to decide, the last act, or that part of it in conflict with section 1126, would repeal the former law.

We conclude that the Constitution authorized the General Assembly to enact section 3711, and that the board of trustees of appellant had the power thereunder to pass the ordinance under which they designated Wylie to take the place of the regular police judge, and he had the legal right to try appellee on the charge, and therefore the lower court erred in granting the injunction. For these reasons, the judgment of the lower court is reversed, and the cause remanded for further proceedings consistent herewith.

Petition for rehearing by appellee overruled.