CASE 83.—WRIT OF PROHIBITION BY CORA RANDALL AND
ANOTHER AGAINST J. R. MORRIS POLICE JUDGE
OF THE DISTRICT OF CLIFTON TO PREVENT HIM
FROM EXECUTING A JUDGMENT.—Octobe⸁ 9.

# Morris v. Randall, &c.

Appeal from Campbell Circuit Court.

C. W. YUNGBLUT, Circuit Judge.

From a judgment granting the writ defendant appeals—Affirmed.

1. Courts—Inferior Courts—Statutes—Constitutional Provisions
—"City and Town."—Constitution, sections 109, 135, 143, vest-
ing the judicial power in designated courts, and authorizing
the establishment of a police court in each "city and town,"
and declaring that all laws inconsistent with the Constitution
shall cease on its adoption, repeal so much of the charter of
the district of Clifton as provides for a police court thereof;
the words, "city and town" referring to cities and towns
classified by section 143.

2. Prohibition—Office of Writ—"Writ of Prohibition."—Under
Civil Code Prac., section 479, defining the "writ of prohibi-
tion" as an order to an inferior court to prevent the usurpa-
tion and Crim. Code Prac., section 25, authorizing the circuit
court, by writ of prohibition, to restrain other courts of in-
ferior jurisdiction from exceeding their criminal jurisdiction,
to prevent one, claiming to be police judge of a district, from
executing a judgmnt of his court for a fine and costs, where
the provision creating the police court has been repealed.

C. L. RAISON, JR. for appellant.

## POINTS AND AUTHORITIES.

1. The writ of prohibition is not the proper remedy, and action
in this case, and does not lie to test the legality of a police court,

Morris v. Randall, &c.

or the right of a police judge to preside over such court, but only runs to a court of inferior, and limited jurisdiction, of unquestioned jurisdiction, to prohibit such court, or the judge thereof, from acting without the jurisdiction of the court. (Civil Code, 479).

2. Sections 143, 166 and 167, of the present constitution refer only to cities and towns recognized as such under the old constitution, and has no reference to such police courts, and police judge as are in the district of Clifton. (Covington v. Highland District, 68 S. W. Rep., 669; Stephens v. Felton, 35 S. W. Rep. 1116; Dyer v. Newport, 94 S. W., 25.)

3. The district of Clifton, is not a town, but is one of the other municipalities spoken of in the new constitution. (Covington v. Highlands, 68 S. W. Rep., 669; Board Education Hawesville v. L. & N. R. R., 62 S. W. Rep., 1128 )

4. Section 143 of the present constitution has only prospective effect and not retroactive, and refers to police courts in cities and towns under the old constitution. (Trustees Owensboro v. Webb, 2 Met., 576; Slack v. Maysville, 13 B. Mon., 1.)

AUBREY BARBOUR for appellees.

## PROPOSITIONS AND CITATIONS.

1. The present constitution has repealed those provisions of the act, incorporating the district of Clifton, whereby a police court of said district was established. (An Act to Incorporate the District of Clifton—Session; Acts 1887-1888, chap. 158, vol. 1, p. 255; Constitution, 109, 135, 143, 156, etc.; City of Covington v. District of Highlands, 24 Ky. Law Rep., 433; Dyer v. City of Newport, 29 Ky. Law Rep., 656; Comlth. v. Petri, 28 Ky. Law Rep., 940; Roberts v. Hackney, 22 Ky. Law Rep., 957; Ingram v. Fuson, 26 Ky. Law Rep., 863.)

(a) The District of Clifton is not one of the "towns or cities" as classified under the Constitution. (Session Acts 1887-1888, chap. 158, vol. 1, p. 255; City of Covington v. District of Highlands, 24 Ky. Law Rep., 433; Dyer v. City of Newport, 29 Ky. Law Rep., 656.)

(b) While the autonomy of the District has been upheld, it does not follow that every provision of the incorporating act is now in force. (Com. v. Petri, 28 Ky. Law Rep., 956.)

(c) The limitation of judicial power to courts established by the Constitution necessarily excludes all other courts. (Constitution, 109; Roberts v. Hackney, 22 Ky. Law Rep., 957; Ingram v. Fuson, 28 Ky. Law Rep., 863.)

2. Prohibition is the appropriate remedy against a pretended

vol. 129—46

court.   (Ex parte Roundtree, 57 Ala., 42; Walcutt v. Wells, 9.
Ky. Law Rep., 59.)

   (a) There can be no de facto office.   (Hildreth v. McIntire, 1
J. J. Marsh., 206|)

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

   This is an appeal from a judgment of the Campbell
circuit court granting a writ of prohibition to prevent
appellant, J. R. Morris, claiming to be police judge
of the district of Clifton, from executing a judgment
against appellee Cora Randall, rendered in his court,
for a small fine and costs, imposed on account of a
misdemeanor, for which she was tried and convicted
under a warrant.   The petition for the writ was filed
by the appellee Cora Randall and her husband.   The
answer of appellant sets forth his election and quali-
fication as police judge of the district of Clifton, and
averred that the office of which he is the incumbent
was created, and is yet existing, by virtue of sections
3 and 5 of an act of the General Assembly, entitled
"An act to incorporate the district of Clifton, in
Campbell county, approved February 1, 1888" (Laws
1888, pp. 256, 257, c. 158), and further averred that
appellant, as such alleged police judge, had jurisdic-
tion of the person of appellee Cora Randall, and of
the offense of which she was charged, and that her
trial and conviction were legally had and effected.   A
demurrer was sustained to the answer by the circuit
court, and, the appellant failing to plead further, the
writ of prohibition was granted upon the ground that
the office and court of which appellant claims to be
the incumbent and judge have no legal existence, the
provisions of the act establishing them having been
repealed by the present State Constitution.   Is it true
that the present Constitution has repealed these pro-

visions of the act incorporating the district of Clifton, whereby a police court of that district was established? This is the principal question presented by the appeal, and its solution involves careful consideration of the several provisions of the Constitution bearing upon the subject.

Section 109 of the Constitution declares:

"The judicial power of the Commonwealth, both as to matters of law and equity, shall be vested in the Senate when sitting as a court of impeachment and one Supreme Court (to be styled the Court of Appeals) and the courts established by this Constitution."

Section 135 provides:

"No courts save those provided for in this Constitution, shall be established."

The Constitution then proceeds to provide for the establishment of the Court of Appeals, circuit courts, quarterly courts, justice's courts, fiscal courts, and police courts. The provisions of the Constitution, with respect to the establishment of police courts are to be found in section 143, which is as follows:

"A police court may be established in each city and town of this State, with jurisdiction in cases of violation of municipal ordinances and by-laws occurring within the corporate limits of the city or town in which it is established, and such criminal jurisdiction within said limits as justices of the peace have. The said courts may be authorized to act as examining courts, but shall have no civil jurisdiction: Provided the General Assembly may confer civil jurisdiction on police courts in cities and towns of the fourth and fifth classes, and in towns of the sixth class having a population of 250 or more, which jurisdiction shall

be uniform throughout the State, and not exceed that of justices of the peace.''

It is patent that the Constitution makes no provision for creating police courts, except in cities or towns, as specified in section 143. If, therefore, the district of Clifton cannot be held to be a city or town within the meaning of that section, no constitutional provision is made for the establishment of a police court in that district, nor for the retention or continuation of one therein already established. Obviously, the words ''city and town,'' as used in section 143, do not embrace a district or quasi municipality, such as the district of Clifton, unless their meaning as used in section 143 differs from that given the same words appearing in section 156 of the Constitution, providing for the classification of cities and towns. The words ''city and town'' found in section 143, refer to the cities and towns classified by the Constitution. This we know, not only from the general rule of construction ''that like expressions used in the same instrument are given the same interpretation, unless the contrary is manifest from the entire context,'' but also from the reference, in the latter provision of that section, to cities and towns of the fourth, fifth, and sixth classes.

While the district of Clifton is one of the ''other municipalities'' mentioned in various provisions of the Constitution, relating to taxation, it is not a town. It is of like character to the district of Highlands, of which it was said by this court, in City of Covington v. District of Highlands, 113 Ky. 612, 24 Ky. Law Rep. 433, 68 S. W. 669: ''The district is not a town, and therefore could not be properly classified as such, as the Legislature was required by the Constitution to do.'' Again in Dyer v. City of Newport, 94 S. W.

Morris v. Randall, &c.

25, 29 Ky. Law Rep. 656, the court, in speaking of a
similar district, said: "It is a municipality, created
by an act of the Legislature prior to the adoption of
the present Constitution. Its legal autonomy has not
since been changed." But the fact that the autonomy
of the district has been upheld does not prove that
every provision of its charter is now in force, and
such of those provisions as are inconsistent with the
present Constitution must be treated as abrogated or
repealed. In the case of the City of Covington v.
District of Highlands, supra, the right of the district
to levy and collect taxes was sustained, the court
basing its conclusion principally upon the fact that
the provisions of the Constitution relating to taxa-
tion, in using the terms "towns, cities, taxing districts
and other municipalities," contemplated the continued
existence of certain municipalities in the Common-
wealth, which could not be classified as cities or towns,.
but are embraced by the phrase "other municipali-
ties." Constitution, sections 157, 159, 161, 164, 165,
179-181. In Commonwealth v. Petri, 122 Ky. 20, 28
Ky. Law Rep. 940, 90 S. W. 987, this court decided
that certain provisions of the charter of the district
of Highlands, relating to the granting of liquor
license, were still in force, citing the previous case of
City of Covington v. District of Highlands to the
effect that the autonomy of the district had been up-
held, and then proceeded to hold that the provisions
of the charter of the district of Highlands respecting
liquor licenses were not in conflict with the Constitu-
tion, or subsequent legislation. The question before
us is not as to the validity of the charter of the district
of Clifton as a whole, but as to the particular provi-
sions thereof respecting the police court and judge,.
and it may be here remarked that, where the Consti-

tution refers to courts in connection with cities and towns, the phrase, "taxing districts, and other municipalities" nowhere appears. In other words, under the present Constitution a police court cannot legally exist outside of a city or town. This we think plain, in view of the wording of section 109, which limits the judicial department of the Commonwealth to the courts established by the present Constitution; and the language of the schedule of that instrument, which declares that "the provisions of all laws which are inconsistent with this Constitution shall cease upon its adoption, except that all laws, which are inconsistent with such provisions as require legislation to enforce them, shall remain in force until such legislation be had, but not longer than six years after the adoption of this Constitution, unless sooner amended by this present Assembly," clearly shows that this was the intention of the framers of the Constitution. Section 109 of the Constitution is obviously mandatory, and was so declared by this court in the case of Roberts v. Hackney, 109 Ky. 265, 58 S. W. 810, 59 S. W. 328, 22 Ky. Law Rep. 975, wherein it is held that judicial power cannot be exercised by any officer, unless by some provision of the Constitution.

While it may be a hardship to the citizens of the district of Clifton to deprive them of a police court, this argument cannot stand as against the imperative provisions of the Constitution, which were intended to provide a uniform judicial system as to the establishment of courts, and as to their respective jurisdictions. However, it may be said that the abolition of the police court in the district of Clifton should not prove disastrous, as law and order can be maintained in the district through the magistrates and peace officers of the county of Campbell. Moreover,

Morris v. Randall, &c.

if this district has become so populous as that the welfare of its people require fuller municipal power than the district at present possesses, the district, or a portion of it, may by proper proceedings become one of the classified cities.

We are clearly of opinion that a writ of prohibition was the proper remedy in this case. It is a preventive, rather than a corrective, remedy, its office being to prevent the usurpation or excess of jurisdiction by judicial tribunals, and to keep the courts within the limits to which the law confines them; and we do not doubt that, in the absence of any other adequate remedy, it lies to prevent unauthorized individuals from usurping judicial power. Civ. Code Prac. section 479; Crim. Code Prac. section 25; Ex parte Roundtree, 51 Ala. 42; Walcut v. Wells, 21 Nev. 47, 24 Pac. 367, 9 L. R. A. 59, 37 Am. St. Rep. 478.

For the reasons indicated, the judgment of the lower court is affirmed.

Petition for rehearing by appellant overruled.