## Albershart, et al. v. Donaldson, et al.

(Decided September 27, 1912.)

Appeal from the Campbell Circuit Court.

Municipal Corporations—Legislature Without Power to Incorporate a City—May Only Assign Incorporated Towns to Proper Class.— The district of Highlands, in Campbell County, being a taxing district and not a city or town, an act of the Legislature assigning it to the fourth class of cities is unconstitutional, the Legislature being without power by special act to incorporate a city and having power to assign to their proper classes only incorporated cities and towns.

OTTO WOLFF, WEBSTER HELM for appellants.

MATT HEROLD, L. J. CRAWFORD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The district of Highlands, in Campbell County, was incorporated as a taxing district by a special act of the Legislature, in the year 1867, and between that time and the adoption of the new Constitution, in 1891, several amendments to the charter of the district were passed by the General Assembly; under the charter and amendments it was merely a taxing district and was not incorporated as a city or town. By an act of the last General Assembly the act assigning the cities and towns of the State to the class to which they belong was amended by adding, among other things, to the list of fourth class cities, these words: "Highlands, Campbell County," so that Highlands, in Campbell County is now named among the fourth class cities of the State. See Acts 1912, page 288. This suit was brought by certain citizens of the district assailing the constitutionality of the act and enjoining the organization of the district as a city of the fourth class. The circuit court, on final hearing, adjudged the act invalid. The defendants appeal.

In the case of The City of Covington v. The District of Highlands, 113 Ky., 612, we said:

"The District of Highlands is a suburban country community upon the hills back of Newport, and is about four miles in length with an average width of from one to one and a half miles. Within it is located the army

post, Fort Thomas. It is traversed by two macadam roads of extraordinary width and is traversed by one street car line. The municipality has provided sidewalks for a considerable distance along these roads. Quite a number of suburban residences are within the territory and in the immediate vicinity of the fort are shops, places of amusment, etc. The district is not a town and therefore could not be properly classified as such, as the Legislature was required by the Constitution to do.''

In the case of Com. v. Petri, 122 Ky., 20, we said:

''This corporation which may be nominated a taxing district has many of the powers and duties of a municipality. Its government is invested in a board of seven trustees who are empowered to select corporate officers, appoint policemen and remove them at pleasure, pass by-laws, rules and regulations for the good government and police of the district, as they may see proper, not inconsistent with the Constitution and laws of the State and may provide for their observance by adequate penalties which may be enforced before any justice of the peace, for the district. Two justices of the peace and one constable are to be elected in the district by the local resident voters thereof. The district constitutes an election precinct and a separate school district, and the board of trustees are authorized to levy taxes for schools and other corporate purposes, to build maintain and operate public roads, with the power of eminent domain.''

In that case, the court approved the ruling in the previous case, that while the Legislature is prohibited by the present Constitution from passing a special act incorporating any particular locality as a municipality, it does not follow that acts passed for this purpose prior to the adoption of the present Constitution are no longer in force. In Morris v. Randall, 129 Ky., 720, we had before us the question whether or not a police court could be established in the district of Clifton, in Campbell County, which is similar to the district of Highlands, now before us, and holding that a police court could not be established in such a district under the Constitution, we said:

''It is patent that the Constitution makes no provision for creating police courts, except in cities or towns, as specified in section 143. If, therefore, the

district of Clifton cannot be held to be a city or town within the meaning of that section, no constitutional provision is made for the establishment of a police court in that district, nor for the retention or continuation of one therein already established. Obviously, the words 'city and town,' as used in section 143, do not embrace a district or quasi municipality, such as the district of Clifton, unless their meaning as used in section 143 differs from that given the same words appearing in section 156 of the Constitution, providing for the classification of cities and towns. The words 'city and town' found in section 143, refer to the cities and towns classified by the Constitution. This we know, not only from the general rule of construction, 'that like expressions used in the same instrument are given the same interpretation, unless the contrary is manifest from the entire context,' but also from the reference, in the latter provision of that section, to cities and towns of the fourth, fifth, and sixth classes.''

Again, in Dyer v. The City of Newport, 29 R. 656, speaking of a similar district we said:

''It is a municipality, created by an act of the Legislature prior to the adoption of the present Constitution. Its legal autonomy has not since been changed.''

Bearing in mind these principles which the court has heretofore laid down, we come to the question; is the act referred to in violation of section 59 of the Constitution or of section 156? Section 59, so far as material is as follows:

''In all other cases, where a general law can be made applicable, no special law shall be enacted.''

Section 156, so far as material, is as follows:

''The General Assembly shall assign the cities and towns of the Commonwealth to the classes to which they respectively belong, and change assignments made as the population of said cities and towns may increase or decrease, and, in the absence of other satisfactory information as to their population, shall be governed by the last preceding Federal census in so doing; but no city or town shall be transferred from one class to another, except in pursuance of a law previously enacted and providing therefor. The General Assembly, by a general law, shall provide how towns may be organized, and enact laws for the government of such towns until the same are assigned to one or the other

of the classes above named; but such assignment shall be made at the first session of the General Assembly after the organization of said town or city.''

It is clear that in the previous rulings of this court the district of Highlands was recognized not as a town or city, but merely as a taxing district. Before the passage of the act of 1912, there was no city of Highlands known to the law. There was simply a taxing district. The General Assembly is without power to pass a special law to incorporate a city. The district of Highlands not being incorporated as a city previous to the act of 1912, if that act has the effect of incorporating the district as a city of the fourth class, its effect is practically the same as an act which in terms should undertake to incorporate a given territory as a city and assign it to its proper class. Section 156 of the Constitution deals with incorporated cities and towns. It requires the Legislature to provide by general law how cities and towns may be organized or how localities that have not been incorporated as a city or town may be incorporated. It was not contemplated by the Constitution that the Legislature should declare a certain territory a city or town and then proceed to assign it to a certain class. The city or town must have a legal existence as such before the Legislature can assign it to a class. When the district of Highlands was formed as a taxing district there was no city there. At that time there was considerable territory within the boundary of Highlands district not used for urban purposes and which should not be included within the city boundary if the city is incorporated, and no doubt this is still true. It was contemplated that city boundaries should be established under a general law by the proper tribunal and there is reason for this because all the land within the city boundary may be taxed for city purposes and the boundary should not be established so as to embrace within it land which may not be urban property in any sense of the word. In Stephens v. Felton, 99 Ky., 395, the court had before it the validity of an act very similar to that before us, assigning Milldale to the fifth class of towns. The act was held invalid and while some reasons are given in that case for the court's conclusion which do not apply here, we think it evident that the court would have reached the same conclusion if those reasons had not existed there.

We agree with counsel that it will not be practicable to incorporate the city of Highlands under section 3713 Ky. Statutes, which is the only provision for the organization of a town, but the Legislature upon application will no doubt supply the defects in the statute so that cities and towns may be formed with an adequate boundary where the population justifies it. The Constitution requires these matters to be regulated by a general law and an occasional hardship will not warrant an ignoring of the constitutional provision. Until the Legislature can give the desired relief no great loss will be suffered. The Constitution must be obeyed, its terms must be given their natural meaning and it must be enforced as written until it is amended; for its provisions will be valueless if they are frittered away by loose construction.

Judgment affirmed.