CASE 73—MOTION—MARCH 20.

# Goldsmith v. Owen, Judge of Daveiss Circuit Court.

A WRIT OF PROHIBITION will not be granted where the inferior court sought to be restrained has jurisdiction, although the complainant may fail to state facts sufficient to constitute a cause of action or the testimony may fail to sustain the cause of action alleged.

C. S. WALKER FOR PLAINTIFFS, IN PETITION FOR REHEARING.

(Brief not in record.)

The salient point in the application is the fact that in this particular case the Daveiss Circuit Court had no jurisdiction to set aside the assign- ment as fraudulent or to appoint a receiver, because the petition shows that the plaintiffs in the action where the assignment was canceled and the receiver was appointed were simple creditors and had no judgment and return of ''no property found,'' and no attach- ment was sued out.

POWERS & ATCHISON FOR DEFENDANTS.

1. The Court of Appeals has no jurisdiction to issue a writ of prohibition. (Civil Code, sec. 734; Const. of Kentucky, sec. 110; Civil Code, secs. 477, 479; Sasseen v. Hammond, 18 B. M., 672.)
2. Even if the Court of Appeals has such jurisdiction the facts stated in the petition for the writ in this case were not sufficient to authorize the court to exercise the jurisdiction. A writ of prohibition is never to be issued unless it clearly appears that the inferior court is about to exceed its jurisdiction. (Black Lick Turnpike Co. v. Phelps, County Judge, 81 Ky., 613; *Ex parte* Gordon, 1 Black, 503; *Ex parte* Pennsylvania, 109 U. S., 174; Smith v. Whitney, 116 U. S.. 197; *Ex parte* Gordon, 104 U. S., 515; *Ex parte* Detroit River Ferry Co., 104 U. S., 519.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

There is a plain distinction between cases where a court is without jurisdiction and cases where the jurisdic- tion exists and the proceedings are erroneous or irregu- lar. In this case the Daveiss Equity Court had undoubted jurisdiction to cancel a fraudulent assignment and also to

appoint a receiver, and because the facts alleged fail to state a cause of action, or if a cause of action is stated, the testimony fails to support it, affords no ground for granting the writ of prohibition; if so, the writ would go in every case where the pleading upon which the recovery sought is based is bad on demurrer, or where the court has rendered an erroneous judgment. Whether the court erred is a question we have not considered.

The application for the writ is denied.