Galbraith v. Williams, J. P.

---

CASE 51—MANDAMUS—APRIL 26.

# Galbraith v. Williams, J. P.

| 106 | 431 |
| 110 | 484 |
| 106 | 431 |
| 138 | 245 |

APPEAL FROM MASON CIRCUIT COURT.

AFFIDAVIT TO REMOVE JUSTICE OF PEACE—MANDAMUS TO CONTROL DISCRETION.—An affidavit that a justice of the peace will not afford a litigant a fair and impartial trial without stating the facts upon which such an opinion is based is insufficient; and the ruling of the justice that such affidavit was insufficient being within discretion will not be controlled by mandamus.

L. W. GALBRAITH FOR APPELLANT.

1. Upon oath by a litigant that he believes that he can not have a fair trial in a justice's court, his right to a change of venue is absolute. This is not analogous to an affidavit to disqualify a circuit judge. Ky. Stats., secs. 1107, 968; German Ins. Co. v. Landram, 88 Ky., 433.

2. Mandamus lies to enforce ministerial act. Civil Code, sec. 477; Cassidy, Auditor's Agt., v. Young, County Judge, 92 Ky., 227; Howes v. Walker, 92 Ky., 258.

3. It lies to compel inferior court to act and controls it as to strictly ministerial acts. Cassidy, &c., v. Young, &c., supra; Com. v. Boone County, 82 Ky., 632.

Galbraith v. Williams, J. P.

4. Mandamus will lie to compel a justice of the peace to allow change of venue where statute has been complied with and the right is absolute. State, *ex rel*, Uedeking, v. McCracken, 1 Mo. App., 223.

5. Mandamus is the established remedy to oblige inferior courts to do justice, especially when the case is outside of discretion. 3 Bl. Com., 110; Virginia v. Rives, 100 U. S., 323.

(No appearance for appellee.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellee, Williams, is a justice of the peace in Mason county. There was pending before him a suit of Jack Anderson against the appellant, Galbraith. The appellant filed therein the following affidavit, to-wit: "The defendant, August Galbraith, states that he believes that he can not have a fair trial in the court of C. W. Williams, J. P. M. C., in which this cause is pending, and prays for a change of venue to the court of some other justice of the peace of Mason county." Upon the consideration of the motion, the appellee overruled it, and proceeded to try the case. These facts appear in the petition, to which the court sustained a demurrer.

The purpose of this action was to have the circuit court issue a mandamus against the appellee, compelling him to sustain the motion, and grant a change of venue. The affidavit was filed under section 1107, Kentucky Statutes, which reads as follows: "A party to a suit pending before a justice or police or city judge, shall have a change of venue to another justice of the same county when he shall make oath that he believes he can not have a fair trial in the court in which the cause is pending, and the cause may be tried out of term time by the justice to whose court it is removed." As the affidavit failed to state the fact or facts upon which the belief is founded that he could not have a fair trial before the appellee, it was insufficient, and the court properly overruled the motion.

Section 968, Kentucky Statutes, provides, "If either party shall file with the clerk of the court his affidavit that the judge will not afford him a fair and impartial trial," a special judge shall be selected or elected to try the cause.

This court held, in interpreting that section of the statute in German Insurance Co. v. Landram, 88 Ky., 433 [11 S. W., 367, 592], that the affidavit must state the fact or facts upon which the belief is founded that the judge will not give a fair trial.

In the case of a circuit judge, he would vacate the bench, and a special judge would take his place; in a proceeding before a magistrate, instead of vacating the bench, he would simply send the case to another justice of the peace for trial. Whilst the course to be pursued in the one case differs from the other, still the effect is precisely the same, to-wit, to prevent the regular judge or justice from hearing and deciding the case.

We think the Legislature has recognized the correctness of the interpretation which this court, in German Insurance Co. v. Landram, gave the statute, by re-enacting it.

We are of the opinion that the affidavit was insufficient to require the appellee to transfer the case to another justice of the peace for trial. The act which the judge was called upon to perform was not a ministerial act, but a judicial one. There is no allegation that he refused to act, but the complaint is that he did act, and adjudged the affidavit was insufficient by overruling the motion. In a case where an officer is required to exercise judgment or discretion, a mandamus will lie to compel him to act, but not to control his judgment. Cassidy v. Young, 92 Ky., 227, [17 S. W., 485]. The appellee did not refuse to act, but, on the contrary, did act, and the mandamus

[ 28 ]

will not lie to revise his action, and compel him to act different from the manner in which he did act. The judgment is affirmed,