Schobarg, &c., v. Manson.

---

CASE 53—ACTION FOR WRIT OF PROHIBITION—APRIL 12.

# Schobarg, &c., v. Manson.

APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

PROHIBITION—REFUSAL OF JUSTICE OF THE PEACE TO TRANSFER CASE.

Held: The mere entry of a motion before a justice of the peace to transfer a case to some other justice of the county for trial, does not divest him of jurisdiction; and therefore a writ of prohibition does not lie to restrain him from proceeding with the trial, though he may have committed an error in overruling the motion.

TESDAL & GRAY, ATTORNEYS FOR APPELLANTS.

B. F. GRAZIANI, ATTORNEY FOR APPELLEE.

(No brief in the record.)

OPINION OF THE COURT BY JUDGE DuRELLE—AFFIRMING.

One Louis Christian instituted an action against appellants, Schobarg and Ellis, in the court of appellee, a justice of the peace in Kenton county. Appellants filed an

affidavit, and moved to transfer the case for trial to some other justice of the county. This motion being overruled, appellants instituted the present proceeding for a writ of prohibition, to prevent appellee from proceeding with the trial. A demurrer to the petition was sustained.

There seems but one question for decision, and that is whether the filing of the affidavit and entry of the motion to transfer divests a justice of the peace of jurisdiction to try the case. If it does not, a writ of prohibition is not a proper remedy. When sitting as a court to pass upon a motion, a justice of the peace is a judicial officer exercising a judicial function. If acting within the scope of his jurisdiction, a writ of prohibition does not lie to control the exercise of his judicial discretion. If he is wrong in his judgment, it is error, to correct which appeal will lie in proper cases, but not prohibition. This exact question seems decided in an opinion by Judge Paynter in Galbraith v. Williams (Ky.) 50 S. W., 686 (21 R., 79). The judgment is affirmed.