## Southern Ry. Co., et al. v. Bowlin,

(Decided April 20, 1911.)

### Appeal from Whitley Circuit Court.

Special Damages—Loss of Time—Instructions—Prejudicial Error—while special damages such as loss of time must be specifically pleaded, yet an instruction authorizing a recovery for time lost in the absence of such a plea, will not be deemed prejudicial where the evidence shows that the plaintiff suffered severe pain and permanent injuries and the jury awarded him only $650.

W. A. HENDERSON, L. D. SMITH, H. H. TYE, J. W. ALCORN and HUMPHREY & HUMPHREY for appellant.

S. M. PAYTON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellee A. J. Bowlin was injured as the result of an explosion which took place on September 21, 1906, in the railroad yards at Jellico, Kentucky. Alleging that his injuries were due to the joint negligence of the Southern Railway Company and the Louisville & Nashville Railroad Company, he brought this action to recover damages in the sum of $50,000.00. He recovered a verdict for $650.00, and from the judgment based thereon, the railroad companies appeal.

The only error assigned is that the court, in its instruction on the measure of damages, authorized a recovery for lost time, when neither the petition nor amended petition alleged that appellee had lost any time from his occupation. In view of this fact we deem it unnecessary to detail the evidence relating to the explosion and its cause. Furthermore, the facts in the record before us with reference to the explosion are substantially the same as those set out in the opinions of this court in Southern Railway Co. v. Adkins, 133 Ky. 219, and Southern Railway Company et al. v. Stewart, 141 Ky. 270. We shall, therefore, consider only the evidence bearing upon the circumstances of appellee's injuries and the extent thereof.

When injured, appellee was forty-six years of age. He was a bartender in the employment of a saloonkeeper at Jellico, and was receiving forty-five dollars per month.

When the explosion occurred, appellee was standing near a brick building. One of the walls of the building collapsed and a number of bricks fell upon appellee, cutting him on the head and bruising him on different parts of his body. Prior to the time of his injuries appellee weighed 170 pounds. At the time of the trial he weighed 147 pounds. According to his testimony and that of several others, he was a strong man and in good health prior to the explosion. Since that time he has been unable to do any manual work, and had never been free from pain. According to the testimony of one physician appellee was suffering from a nervous breakdown, and, in his opinion, appellee's condition was such that he could never recover. After the accident, appellee became almost deaf in one ear, while the hearing of the other ear was also impaired. Two or three years after the accident appellee was adjudged insane and sent to the Lakeland Asylum. According to the verdict of the jury his insanity was due to his injuries. According to the testimony of the physician at the Lakeland Asylum, who received and had charge of him, his insanity was due entirely to the excessive use of alcohol. This, the physician claims, was shown by the fact that, after about five weeks' treatment, appellee fully recovered and was discharged.

Appellant's testimony is to the effect that appellee was only slightly bruised, and that his nervous condition was in no sense due to the injuries he received, but resulted entirely from the excessive use of alcoholic stimulants.

While it may be doubted if appellee's insanity was due to his injuries, it being evident from the size of the verdict that the jury was of opinion that such was not the case, it is nevertheless true that appellee has experienced great suffering as the result of his injuries, and that his incapacity to do manual labor, his nervous breakdown and loss of flesh cannot be accounted for altogether on the theory that he drank whiskey to excess. While this may have in part accounted for his condition, the proof shows that he drank to a considerable extent before the accident, and we, therefore, conclude that the decided change in his physical condition must have been due, to some extent, at least, to his injuries received at the time of the explosion. Furthermore, it can not be doubted that appellee's hearing has been impaired, either by the falling of the brick upon him or the violent concussions resulting from the explosion of the dynamite.

While we are committed to the doctrine that no recovery can be had for special damages, such as loss of time, physicians' bills, etc., unless they are specially pleaded, we conclude, from the nature and extent of appellee's injuries and the smallness of the verdict, that the error complained of was not prejudicial to the substantial rights of the appellant.

Judgment affirmed.