### Carey v. Sampson, Judge of the Whitley Circuit Court.

(Decided November 8, 1912.)

### Appeal from Whitley Circuit Court.

1. Writ of Prohibition—When Will Be Issued Against Inferior Tribunal.—A writ of prohibition will be issued against an inferior tribunal only to prevent it from exercising, or attempting to exercise a jurisdiction that does not belong to it.

2. Writ of Prohibition—No Appeal From Judgment of Inferior Court—Propriety of Court of Appeals Granting.—The fact that no appeal is given by law from the judgment of an inferior court cannot affect the question of the propriety of the Court of Appeals granting a writ of prohibition, since the legislative department of the State has the power of limiting the jurisdiction of this court as to appeals.

3. Appeal—Right of Not Inherent.—The right of appeal is not an inherent right; it is a matter of grace, to be granted or withheld by the legislature in the exercise of its discretion.

J. N. SHARP and SHARP, GATLIFF & SMITH for plaintiff.

JAMES GARNETT, Attorney General; CHARLES H. MORRIS, Assistant Attorney General and J. B. SNYDER for respondent.

OPINION OF THE COURT BY JUDGE MILLER—Denying writ of prohibition.

At the October term of the Whitley Circuit Court, the plaintiff, M. C. Carey, was indicted by the grand jury for practicing medicine without having first procured a license therefor, and without having registered, as required by section 2612 of the Kentucky Statutes. He entered his appearance, made his plea of "not guilty," waived a jury, and proceeded with the trial before the respondent, Flem D. Sampson, judge of said court. After hearing the evidence and argument of counsel, the judge took the case under advisement; and, having subsequently announced to plaintiff's counsel that he would find the defendant guilty as charged in the indictment and would fine him, Carey filed his petition in this court, asking that a writ of prohibition issue against said judge to prevent him from entering a judgment finding him guilty. The petition alleges, and the demurrer admits, that Carey has been engaged in business in Whitley County, Kentucky, as an optician, in fitting glasses to the eye; that he made tests merely for the purpose of writing prescriptions to E. & J. Sweigart, of Cincinnati, Ohio, so that they could grind and prepare glasses for Carey's customers; that he did not treat the eye, nor apply any medicine, and did not perform any surgical operation; and, in fact, did not do anything but test eyes for the purpose of enabling him to write prescriptions for glasses. He further alleges that he cannot pass an examination and be registered, because there is no law authorizing him to do so; that if he be found guilty, and his fine fixed at the maximum sum of $50 prescribed by the statute, there will be no appeal from said judgment to this court, and he will be without any adequate remedy by appeal, or otherwise, to protect his right to do business as an optician. The petition nowhere alleges that the court was acting without its jurisdiction, or in bad faith. The prayer for relief is based wholly and entirely upon the idea, that since there is no appeal to this court from a judgment imposing a fine of $50, plaintiff has no adequate remedy. This claim, of course, is based upon the theory that one must have an appeal in order to be adequately protected.

Subsection 5, of section 2615 of the Kentucky Statutes, provides a fine of $50 against any person who shall practice medicine without having registered as a physician in the way pointed out by the statute; while section 2618 of the statutes further defines the offense, by

saying that any one who opens an office for such purposes, or announces to the public in any way, a readiness to treat the sick or afflicted, shall be deemed to be engaged in the practice of medicine within the meaning of the statute. Plaintiff insists that he does not practice medicine; that the statute does not cover his case so as to permit him to be examined and registered, and that he is, therefore in the unusual position of being unable to comply with the law, and the same time of being fined for not complying with it. But, as above pointed out, the prayer for relief is not rested upon the ground that the court is about to act without its jurisdiction, but upon the idea that the absence of the right to appeal deprives him of an adequate remedy to protect his right to practice his profession.

In determining whether there is an adequate remedy, each case must be adjudged upon its merits.

In Rush v. Denhard, 138 Ky., 245, this court said:

"If we should once lay down the rule that application by original proceeding might be made to us to stay the hand of the inferior jurisdictions, whenever in the opinion of counsel the ruling was prejudicial although it might not leave the complainant without adequate remedy, we would have much of our time occupied in the settlement of questions that could be brought before us in the regular way by appeal. Inferior courts would be obstructed in the hearing and disposal of cases, and much confusion and uncertainty would follow. Schobarg v. Manson, 110 Ky., 493, 61 S. W., 999, 22 Ky. Law Rep., 1892; Galbraith v. Williams, 106 Ky., 431, 50 S. W., 686, 21 Ky. Law Rep., 79.''

In that case a county judge had made a public statement in writing to the effect that he would revoke the license of every saloon keeper in Warren County; whereupon the defendants in a proceeding to cancel their licenses, filed the statutory affidavit requiring the county judge to vacate the bench. In those cases, the statute allowed the saloon keeper an appeal from the judgment of the county court against him, but further provided that his license should stand revoked pending the appeal; and, in view of that fact, this court said:

"Having granted the right of appeal, it seems manifest that the Legislature did not contemplate that the licensee would be arbitrarily deprived of his license by the county court, but rather that he should have a fair hearing in that court, and after such a hearing his li-

cense, if revoked, would be suspended until a trial in the circuit court. But when it is made to appear, as in these cases, that the judge of the county court will not grant a fair hearing, but will cancel the license whether or not, then the licensee, without the statute so intending, is deprived of a privilege he had the right to enjoy. It, therefore, becomes important that an impartial trial should be had in the county court; and, when this cannot be had, this court in the interest of justice will exercise its power and grant relief from a condition not intended to exist by the statute.''

The court there pointed out, as sound, the distinction between cases like the one then before the court in which a party was deprived of the benefit of an appeal which the statute gave him, and other cases in which this court has been asked to issue the writ to stay a court of inferior jurisdiction from hearing and disposing of a case in which the statute did not allow an appeal from an adverse judgment against the petitioner.

In the case before us the only element entering into the charge that plaintiff has no adequate remedy, is the fact that no appeal will lie from the judgment which the circuit judge will render against him because the fine will be for an amount not within the jurisdiction of this court. The case, therefore, is on all fours with that of the Standard Oil Co. v. Linn, Judge, 17 Ky. L. R., 833, where the Oil Company, having been proceeded against under sixty-five separate indictments for buying and receiving empty coal oil barrels without having first erased therefrom the inspector's brand, which had been placed on them as required by law, applied to this court for a writ of prohibition to arrest the proceedings. In overruling the application, this court, speaking through Chief Justice Pryor, said:

''The basis of the motion rests upon the ground that his decision may be adverse to the defendant, and as the fine is for an amount not within the jurisdiction of this court, no appeal can be prosecuted from his judgment. It has long been held, and in fact, no ruling to the contrary can be found, that such a writ issued only to prevent the inferior tribunal from exercising or attempting to exercise a jurisdiction that does not belong to it. The Civil Code defines this writ to be 'an order of the circuit court to an inferior court of limited jurisdiction prohibiting it from proceeding in a matter out of its jurisdiction.' (Section 479, Civil Code.)

"Section 110 of the Constitution provides that this court 'shall have power to issue such writs as may be necessary to give it general control of inferior jurisdictions.'

"Under this provision it is claimed this court may rightfully exercise the power of determining not only the question of jurisdiction in the inferior court, but may go so far as to determine questions that necessarily belong to courts of original jurisdiction and over which they have complete control, subject to an appeal to this court where an appeal is allowed.

"It is not contended the circuit court is without jurisdiction to try these indictments, and it must be conceded it has full and complete power to determine all questions pertaining to the trial made by counsel on either side. With such a latitudinous construction given this provision of the Constitution as we are asked to give, this court would convert itself into a tribunal of original jurisdiction, and in every case, as to the validity of indictments, or of the sufficiency of any pleading in a civil action, this court could interfere and direct the inferior court as to what the judgment should be.

"If the statute imposing the penalty in such cases has been repealed the court below has the jurisdiction to so decide, or if the indictment or proceeding is defective the same power exists, so that there can be no reason for this court to interfere with the exercise of the rightful jurisdiction of any court except in cases where appeals are prosecuted, and it is only in cases where the inferior tribunal is beyond the bounds of its jurisdiction that this writ should go. The fact that no appeal is given cannot affect the question, because the legislative department of the State has the power of limiting the jurisdiction of this court as to appeals."

And, in the late case of Commonwealth on Relation, &c. v. Weissinger, Judge, 143 Ky., 369, we further said:

"The only question presented by the record is, did the Jefferson County Court have power to vacate and set aside the judgment by default? If it did not have jurisdiction to vacate and set aside the default judgment, the writ of prohibition should have been granted; on the other hand, if it did have jurisdiction, the writ should be denied. If the county court had power to vacate the judgment, it is wholly immaterial whether the reasons for so doing were sufficient or not; and so we will not inquire into the sufficiency of the reason, as a

writ of prohibition will not lie to restrain an inferior tribunal from acting within its jurisdiction, however erroneous its action may be.'' Goldsmith v. Owen, Judge, 95 Ky., 420; L. S. L. & B. A. v. Harbeson, Judge, 20 Ky. L. R., 278, 51 S. W., 787; and Weaver v. Toney, Judge, 107 Ky., 426, are to the same effect.

Plaintiff admits the Whitley Circuit Court has jurisdiction of the offense with which he stands charged, but insists the court will decide the case erroneously, and that, therefore, he cannot have it corrected by an appeal. This, however, does not justify his application to this court for it to exercise its original jurisdiction. The right to appeal is not an inherent right; it is a matter of grace, to be granted or withheld by the Legislature, in the exercise of its discretion. It could have denied an appeal in all cases of this character, just as it has denied an appeal in all cases where the fine does not exceed $50. It is clear, therefore, under the authorities, that plaintiff is not entitled to the relief he asks.

The writ of prohibition is denied.