## Western Oil Refining Company v. Wells, et al.

(Decided May 16, 1919.)

### Appeal from Daviess Circuit Court.

1. Prohibition—Jurisdiction.—The circuit court under the provisions of section 479 Civil Code and 25 of the Criminal Code has jurisdiction to issue writs of prohibition only when the inferior court is proceeding or about to proceed without jurisdiction.

2. Prohibition—Pleading—Failure to State Cause of Action.—Plaintiff in a petition filed in the circuit court sought to prohibit the county judge from trying plaintiff under twenty-six warrants which the judge had issued charging plaintiff with the offense of selling oil without having the same inspected, contrary to the provisions of section 2202 of the Kentucky Statutes, upon the ground that the sales, which were admitted, were not made within the county. Held that the plaintiff failed to state a cause of action, since the county judge had jurisdiction of both the person of defendant and of the subject matter, and if the sales were not made in the county it was a fact which could be proven before the county judge under a plea of not guilty.

W. S. SMITH for appellant.

BIRKHEAD & WILSON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This suit, filed in the Daviess circuit court, is between the same parties and bottomed upon the same facts as was a case of the same style reported in 180 Ky. 32, which was an original proceeding filed in this court against appellees here, C. W. Wells and H. A. Birkhead, county judge and county attorney, respectively, of Daviess county. The case filed in this court sought an order prohibiting the county judge from trying and the county attorney from prosecuting appellant, Western Oil Refining Company, upon twenty-six warrants which had been issued by the county judge as presiding officer of the court, each of which charged the company with the offense of selling oil in Daviess county without the oil being inspected as is required by section 2202 of the Kentucky Statutes, the penalty for which is fixed by section 2208 of the Statutes at $20.00 for each barrel, cask or package of oil sold without inspection. It was alleged in the petition filed in this court, and also in the petition filed in the circuit court in the instant case, that appel-

lee, Wells, as county judge, was without jurisdiction to try the company upon the charges preferred in the warrants, because the sales of the oil constituting the alleged violations of the statute occurred in the state of Indiana, the home of appellant, and not in Daviess county, and since the jurisdiction of the court is co-extensive with the county only, in assuming to try the company upon the warrants it would be acting without jurisdiction, and if the court should find the company guilty the latter would be without remedy to correct the wrong. Upon these facts it sought in the original proceedings filed in this court the prohibition writ, and likewise asks by this proceeding filed in the circuit court the same remedy. Its petition filed in this court was dismissed upon the two grounds that (1) the court sought to be prohibited did not have jurisdiction of the offenses charged in the warrants, and (2) that the company had adequate remedy at law, since the fine against it, if found guilty, would be $20.00 in each case, and section 362 of the Criminal Code gives to a defendant the right of appeal from the judgment of a county or quarterly court where the fine is $20.00 or more.

There is a distinction between the jurisdiction of this court upon original application to it to issue prohibition writs and that of circuit courts to issue them. In the latter case the court's jursdiction to grant the order extends only to cases where the inferior court is proceeding or about to proceed beyond its jurisdiction. Such jurisdiction of circuit courts in civil cases is conferred by section 479 of the Civil Code and in criminal cases by section 25 of the Criminal Code. It is not necessary for us to decide in this case whether a circuit court may issue the writ upon any other ground than that the court or officer sought to be prohibited is proceeding or about to proceed in a matter over which he has no jurisdiction, since no other facts appear in the petition before us, to which a demurrer was sustained, than the one that the county judge was acting or about to act without jurisdiction. The only fact alleged sustaining the charge of acting without jurisdiction is that the sales of the oil involved occurred outside of Daviess county, and it is insisted that this allegation is admitted by the demurrer. The petition furthermore avers that the warrants preferring the charges against the company state that the alleged violations contained therein occurred in Daviess

county. There is neither averment nor intimation that the county judge would not have jurisdiction to try the offenses if the sales had occurred in Daviess county. No intimation is made that the statute under which he is proceeding is unconstitutional or otherwise invalid. Neither does it appear that the court is about to or will proceed to try the company under the warrants without it being properly brought before the court, nor that the county judge has exhibited, either by word or act, any bias against the company, or that he has in any manner pre-judged the case. Under these circumstances, the case re-solves itself into this: the warrants charge the company (defendant therein) with being guilty of the offense charg-ed and the petition now before us says that this is not true. In so doing it furnishes a substantial and, if proven, an effective written plea of not guilty, but that is the only effect which can be given to it. It is just as essential to the company's guilt that the sales with which it is charged be made within the jurisdiction of the court as it is that the sales were made at all, or that the articles sold were such as the statute requires to be inspected or that as a matter of fact were not inspected. In this view of the case the circuit court was asked by the peti-tion to issue the writ because the applicant therefor said that it was not guilty of the offenses pending be-fore the inferior court. In other words, it is insisted that the county court has no jurisdiction to try an inno-cent defendant, and that when it attempts to try one who is not guilty it should be prohibited from doing so. We have yet to find a case in this or any other jurisdic-tention which, either directly or indirectly, upholds such a contention. To do so would practically annul all statutes conferring jurisdiction upon inferior courts and would enable a defendant who denied guilt of the crime pre-ferred against him to confer such jurisdiction upon super-ior courts contrary to the provisions of the statute and Constitution under which the jurisdiction of both inferior and superior courts is regulated. All that would be necessary to accomplish this end would be for defendant to manifest to the superior court by pleadings that he was not guilty. In the instant case if the company did not make the sales in Daviess county it may prove that fact upon its trials in the county court, and if it does so to the satisfaction of the court we indulge the presump-

tion that the court will so hold and acquit it. But if the court should erroneously convict it, it may still obtain a review by appeal to the circuit court. So that in no view of the record is a case presented authorizing the issual of the writ in favor of appellant. Neither do we find that the fact of there being twenty-six warrants aids or assists the company in its contention. Each warrant charges a separate and distinct offense, since the alleged sales were made to different individuals, and they may have been made under different circumstances so as to make some of them occur in Daviess county while others may have been made outside of the county. However this may be, the fact that a defendant is accused of having committed a number of offenses instead of a single one will not deprive a court otherwise having jurisdiction of the right to try him under each charge, especially when the fine in each, if he is found guilty, must be such as to afford him an appeal.

There being no facts alleged authorizing the court to grant the writ, the demurrer to the petition was properly sustained and the judgment dismissing it is affirmed.