## Goodenough, Judge of Police Court, v. Kentucky Purchasing Company et al.

(Decided November 13, 1931.)

746

DANIEL W. DAVIES, LAWRENCE J. DISKIN and RALPH RICH for appellant.

WILLIAM J. DUPREE for appellee.

Frank S. Graydon, Maxwell & Ramsey, J. P. Hamilton, H. T. Lively, Ashby M. Warren, J. J. Donohue, Gregory W. Hughes, John E. Shepard, Humphrey, Crawford & Middleton, and Anna Hubbuch Settle, amici curiæ.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

J. H. Taylor, a resident of Atlanta, Ga., conducts a loan business in the city of Covington under the trade-name of "Kentucky Purchasing Company," and two of the local managers and operatives of that business are L. B. Hines and R. C. Reiger. The appellant and defendant below, Joseph P. Goodenough, was and is the duly elected, qualified, and acting police judge of the city of Covington. On September 15, 1930, there was filed with defendant, as police judge of the city of Covington, an affidavit charging Taylor and his two local managers with the common-law offense of criminal conspiracy, growing out of the way and manner that the business of the purchasing agency was managed and conducted, and which the affidavit set out with great detail, and, if true, was in violation of law in several particulars, but which, for reasons hereinafter appearing, we do not deem it necessary to set forth in this opinion. At the same time, or closely following it, an affidavit was filed before defendant to procure a search warrant to search the premises wherein the business of the purchasing agency was conducted to obtain evidence which the applicant for the warrant averred would establish the guilt of the crime charged in the affidavit filed before defendant. The latter issued a warrant of arrest for Taylor and his local managers, and also issued the search warrant asked for, and it was executed as directed therein. The two local managers were also arrested, but Taylor, being a nonresident, was not arrested.

Taylor, with his two local managers, as plaintiffs below, then filed his action in the Kenton circuit court against the appellant and defendant below, as such police judge seeking a writ of prohibition against him to

prevent him from investigating the charge preferred against plaintiffs, and to also prohibit him from further proceeding under the search warrant and from considering any of the evidence that was revealed by its execution, all upon the alleged ground that he was proceeding and about to proceed, without jurisdiction. To more fully present the relief sought by the action, we insert the prayer of the petition, which says:

"Wherefore, plaintiffs pray that this court will issue its writ of prohibition or order addressed to the Police Court of the city of Covington, Hon. Joseph E. Goodenough, Judge of the said Court, prohibiting it from proceeding further in the matter of hearing and rendering judgment upon it against plaintiffs, J. H. Taylor, L. B. Hines and R. C. Reiger and directing and ordering that all of the commercial notes, papers, effects, furnishings and other personal property taken from the possession of plaintiffs be surrendered and delivered unto them, and that said Joseph Goodenough, acting as Judge be restrained and prevented from taking any steps or proceedings against plaintiffs, and that on final hearing it be adjudged that Joseph Goodenough as Judge of said Police Court aforesaid and said Court is proceeding beyond its jurisdiction and for all equitable relief to which in equity plaintiff is entitled."

Defendant filed some preliminary motions, including one to strike certain parts of the petition and also a general demurrer to it, the latter of which was overruled by the court, and, defendant declining to plead further, the prohibitive writ as prayed for in the petition was issued, and from that judgment defendant prosecutes this appeal. Before considering the merits of the case, it should be stated that preceding final judgment in the cause the court entered an order directing the return to plaintiffs of the papers and records discovered by the execution of the search warrant, and that question was therefore disposed of before final judgment in the cause.

As we view the record, there is primarily presented only one question for determination, and which is: Has the defendant, as police judge of the city of Covington, jurisdiction to investigate and adjudicate upon the facts as preferred in the affidavits? Another question, how-

ever, has received by far the greater portion of argument of counsel on both sides, and which is subdivided into two inquiries: (a) Whether the facts stated in the affidavit to procure the warrant of arrest, and upon which defendant issued it, constitute the common law offense of conspiracy to obstruct justice and to invade the public policy of the commonwealth; and (b) whether the affidavit for the search warrant was sufficient to create probable cause so as to authorize defendant to issue it? A possible third subdivision might be: Whether the evidence obtained from the execution of the search warrant would be competent against plaintiffs in their trial upon the warrant of arrest that issued for them, although the affidavit for the search warrant and the warrant itself were in conformity with the requirements of the law?

As stated, elaborate arguments are made in briefs upon questions (a) and (b), supra, but, since we have concluded that defendant had jurisdiction to entertain, investigate, and adjudicate upon the facts presented in the two affidavits filed before him, and because of which the Kenton circuit court had no authority to prohibit him from doing so, it becomes unnecessary to determine any of the other stated questions. Not only so, but our indicated conclusion would render it extremely doubtful if we possessed jurisdiction to determine the other questions argued, since the only jurisdiction we possess in this case is exclusively appellate and not original, and, if the circuit judge who rendered the judgment appealed from had no authority to entertain the petition, then this court, as purely an appellate one, would be likewise circumscribed in its authority as such. Therefore we will proceed at once to a consideration of the question of defendant's jurisdiction to take the steps sought to be prohibited by plaintiff's petition.

From the argument made in briefs it is quite apparent that counsel have confused the jurisdiction of *circuit* courts to issue writs of prohibition against courts inferior to them, and the jurisdiction of *this* court in original actions filed with it under the provisions of section 110 of the Constitution to issue such writs against courts inferior to it. But, as the opinion proceeds, it will be made to appear that the respective jurisdictions of the two courts (this one and circuit courts) to issue prohibition writs against courts inferior to them are by no means parallel and rest upon quite different states of fact.

Section 479 of our Civil Code of Practice says: "The writ of prohibition is an order of the circuit court to an inferior court of limited jurisdiction, prohibiting it from proceeding in a matter out of its jurisdiction," and section 25 of the Criminal Code of Practice says: "The circuit court of any county may, by writ of prohibition, restrain all other courts of inferior jurisdiction in the limits of the county from exceeding their criminal jurisdiction." It will thus be seen that the only statutory enactments attempting to confer jurisdiction on circuit courts to issue such writs expressly confine their jurisdiction to cases where the inferior court sought to be prohibited has acted, or is about to act, outside of and beyond its jurisdiction, and numerous are the cases from this court confining the circuit court's jurisdiction to the limitations prescribed by the sections of our Codes supra, i. e., only where the inferior court to it is acting, or about to act, in a matter not within its jurisdiction. Some of the cases so holding are: Morris v. Randall, 129 Ky. 720, 112 S. W. 856; Schobarg v. Manson, 110 Ky. 483, 61 S. W. 999, 22 Ky. Law Rep. 1892; Commonwealth v. Weissinger, 143 Ky. 268, 136 S. W. 875; Chiles v. Sheffer's Ex'rs, 146 Ky. 42, 141 S. W. 369; Cohen v. Webb, 175 Ky. 1, 192 S. W. 828; Wilson v. Dean, 177 Ky. 97, 197 S. W. 547; Western Oil Refining Co. v. Wells, 185 Ky. 57, 214 S. W. 769; Rodes v. Gilliam, 197 Ky. 123, 245 S. W. 897; Goldsmith v. Owen, 95 Ky. 420, 26 S. W. 8, 15 Ky. Law Rep. 806; Hughes v. Holbrook, 108 S. W. 225, 32 Ky. Law Rep. 1210, and others referred to in those opinions.

Those cases hold, and the rule now seems to be firmly settled, that, if the court sought to be prohibited by the proceedings filed in the circuit court has jurisdiction to entertain and determine the matters before it, then the circuit court may not prohibit it from doing so, although the jurisdiction so possessed by the inferior court has been, or is threatened to be, erroneously exercised, followed by irreparable and remediless injury. In the latter case relief may be had, by the applicant for the writ in the circuit court, only through an appeal to that court or to some other court having appellate jurisdiction in the matter; or, if the amount involved, or the nature of the cause pending in the inferior court, is such as that an appeal will not lie from any judgment that may be rendered by it, then this court (as will hereinafter appear) would have jurisdiction to grant the

writ in case the inferior court was acting within its jurisdiction but erroneously, and great and irreparable damage would be sustained by the applicant for the writ, with no adequate remedy open to him. And therein lies the distinction between the jurisdiction of this court, under the authority conferred upon it by section 110 of the Constitution, to issue such restraining writ against courts inferior to it, and the jurisdiction of circuit courts to issue such writs against courts inferior to them.

In some of the cases cited, supra, the opinion points out that this court, on an appeal from judgments of circuit courts in prohibition proceedings, will not exercise the latitudinous authority that it possesses in *original* proceedings filed before it under the provisions of section 110 of the Constitution, but will confine its opinion in disposing of such an appeal to the jurisdiction of the circuit court from whence the appeal is prosecuted; and from which it follows that, although this court would take jurisdiction to determine a question if the proceeding was an original one before it, yet it will not do so if the case was an appealed one from the circuit court and before which the same question was presented and determined, although the circuit court had no jurisdiction to do so, since in that case the judgment of the circuit court, being without its jurisdiction, would not present the question on appeal. In other words, if on the appeal it should be found that the circuit court from whence the appeal was prosecuted did not have jurisdiction of the proceedings filed before it, but erroneously held otherwise, then this court on appeal therefrom will not pass upon the merits of the case as did the circuit court, but will confine its rulings to a reversal of the judgment on the ground that the circuit court had no right to adjudicate the merits.

In the recent case of Osborn v. Wolfford, Circuit Judge, 239 Ky. 470, 39 S. W. (2d) 672, and in the cases referred to in that opinion, we pointed out the limits of the original jurisdiction of this court to issue writs of prohibition under the authority conferred upon it by section 110 of the Constitution, and which were and are: That this court, in the exercise of such original jurisdiction, will prohibit all courts inferior to the circuit court, though proceeding within their jurisdiction, if they are erroneously doing so, or about to erroneously do so, to the great detriment of and irreparable injury to the

applicant, and no adequate remedy exists to obtain relief therefrom. But, if such inferior courts were sought to be prohibited only because they were acting, or threatening to act, outside of their jurisdiction, then an original proceedings would not lie in this court to prevent it, because, under the sections of the Codes, supra, adequate relief could be obtained by applying to the circuit court of the county for the desired prohibitive relief, and it would be the duty of the applicant to originate his proceedings in the circuit court in such cases instead of in this court. But, since the circuit court would have no right under the sections of the Code to prohibit any court inferior to it from proceeding erroneously in the exercise of his undoubted jurisdiction, then and in that event this court would entertain such an original action and grant proper relief.

Furthermore, our opinions hold that this court will entertain original jurisdiction under the same circumstances against the judge of a circuit court (x) if he was attempting to act outside of his jurisdiction, or (y), to act erroneously within his jurisdiction, and from which great and irreparable injury would follow without adequate remedy for relief. An illustration of the latter ground (y) is the Thurman case, 205 Ky. 100, 265 S. W. 475, referred to in the Osborn opinion. The reason for this court exercising its original jurisdiction upon ground (x) is, that there is no intermediate court between it and the circuit court with jurisdiction to prohibit the circuit court from proceeding without its jurisdiction. Many cases upon the points hereinbefore discussed, other than those referred to, are contained in volume 16 of West's New Kentucky Digest, under the title of "Prohibition," beginning on page 43 and extending to and including page 55.

From what has been said it necessarily follows that, if the defendant, as police judge of the city of Covington, had jurisdiction to hear and determine the matters presented to him by the affidavits filed before him, then the Kenton circuit court had no jurisdiction to entertain the application of plaintiffs for the writ of prohibition they sought in the prayer of their petition, notwithstanding defendant was about to erroneously exercise that jurisdiction, since in that event plaintiffs' remedy would be an original application to this court and not by application to the Kenton circuit court. Such consequence follows because defendant, having jurisdiction, had the

right to adjudicate upon all questions growing out of that jurisdiction, and which cannot be reviewed by the Kenton cricuit court in such application howsoever erroneous his action might be. Lakes v. Goodloe, 195 Ky. 240, 242 S. W. 632; Gordon v. Tracy, 194 Ky. 166, 238 S. W. 395; Bank Lick Turnpike Co. v. Phelps, 81 Ky. 613, 5 Ky. Law Rep. 713, and cases referred to in those opinions. Therefore, if the facts stated in the affidavit filed before defendant, and upon which he issued the warrant of arrest for plaintiffs, were sufficient to constitute the common-law offense charged in the affidavit (and it was not repealed but still prevailing in this jurisdiction), then the punishment would be an unlimited fine or unlimited imprisonment in jail, or both, within the discretion of the jury finally trying the case, and, being so, the defendant would have in no event other than examining jurisdiction with the power to determine whether the facts developed on the investigation were sufficient to hold defendants to the next convening grand jury in the county.

Title IV of our Criminal Code of Practice prescribes the rules and practice of such examining courts, and prescribes what courts possess such examining jurisdiction in this commonwealth. They are therein stated to be the magistrates of the county and the county judge, except that in cases of homicide the latter has exclusive examining jurisdiction. Section 71a-7 of the Criminal Code of Practice confers examining jurisdiction upon police judges, and section 3147 of our present Statutes (being a part of the charter of cities of the second class to which Covington belongs) confers like jurisdiction upon police judges of second class cities. That being true, it inevitably follows that defendant had jurisdiction to sit as an examining court and to hear and determine the facts at an examining trial of defendants, and to determine whether or not there were reasonable grounds to believe that plaintiffs or either of them was probably guilty, and, if so, to make such orders and to enter such judgments as the law permitted him to do as such examining court.

We are told in briefs that the circuit judge was convinced that the facts, as contained in the affidavit filed before defendant, were insufficient to lodge a criminal charge against them, and for which reason defendant had no right to sit as an examining court or to conduct an investigation, and upon that ground the writ of pro-

hibition prayed for was granted. But that conclusion transgressed the limits of the circuit court's jurisdiction, as we have seen, since it proceeded to adjudicate upon the facts which were exclusively within the province of defendant, if he possessed jurisdiction of the subject-matter, and which we have determined he did. The same reasons for holding the judgment erroneous in so far as it prohibited further proceedings upon the search warrant likewise apply to that portion of the judgment prohibiting defendant from proceeding further as an examining court.

Summarizing, our conclusions are: (1) That circuit courts in this commonwealth have prohibitive jurisdiction against all courts inferior to it only where they are acting without their prescribed jurisdictions; (2) if they are acting within their jurisdictions but erroneously so, and which is followed by great and irreparable injury to one of the litigants with no adequate remedy for relief, then the circuit court has no jurisdiction to prohibit such action, but it lies exclusively with the Court of Appeals under its jurisdiction conferred by section 110 of our Constitution; (3) that, if a court inferior to the circuit court is acting without its jurisdiction, but which is not followed by great and irreparable injury with no adequate remedy, then the circuit court has exclusive original jurisdiction to prohibit it from doing so, under the express provisions of the sections of the Code, supra; (4) that the Court of Appeals has jurisdiction to prohibit circuit courts from acting without their jurisdiction if such action produces great and irreparable injury to one of the litigants with no adequate remedy for relief against its consequences; and (5) that any court having jurisdiction of the subject-matter has the right to determine whether or not the developed facts authorize the particular judgment rendered. Having reached such conclusions, it becomes unnecessary to determine any of the other questions involved, and which it would be improper to do on this appeal for the reasons hereinbefore stated.

Wherefore the judgment is reversed, with directions to set it aside, and to sustain the demurrer to the petition, and for proceedings consistent herewith.