## Cushing, Justice of the Peace, v. Doudistal et al.
June 2, 1939.

Lewis F. Brown, J. Richard Udry and Marion Moore for appellant. Joe Healy for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and defendant below, John L. Cushing, was at the times of the transactions involved in this action the duly elected, qualified and acting justice of the peace of the fifth magisterial district of Kenton county, Kentucky. One Fred Rolf instituted an action in his court against the appellees and plaintiffs herein, Loretta Doudistal and Addison Ginn, wherein Rolf sought to recover from them in that action a sum less than $100, as damages growing out of an automobile collision. Defendants therein were non-residents of the geographical magisterial district in which Cushing was elected and in which he was serving as such officer, although they each resided in Kenton County. The constable executed the summons on defendants therein at their residences in the magisterial districts in which they resided. The serving officer made return thereon and delivered the executed summons to 'Squire Cushing. The defendants therein—and plaintiffs herein—appeared before the justice's court, sitting within the boundaries of his district, and entered motion that the cause be transferred for trial to the justice of the peace in the district wherein they resided, and which they did pursuant to the right conferred by Section 710 of our Civil Code of Practice. The motion was overruled; whereupon the defendants in that action filed in the Kenton circuit court the instant action against him pursuant to the provisions of Section 474 et seq. of the same Code, wherein they sought a writ of prohibition against him restraining his further procedure in the cause, upon the ground that he was acting and threatening to act—in taking jurisdiction of the cause—entirely without and beyond his jurisdiction, which the Kenton circuit court could prohibit under the provisions of Section 479 of the same Code, it being a part of chapter XII of Title X of our Civil Code of Practice, relating to "Writs of Mandamus and Prohibition."

The Kenton Circuit Court sustained the prayer of plaintiffs' petition and prohibited the justice from further proceeding in the cause pending before him of Rolf against the instant appellees, and from that judgment

the justice of the peace prosecutes this appeal. In disposing of the case we shall refer to the instant appellees as "plaintiffs" and to the appellant as "defendant."

Counsel for plaintiffs, as well as the court, appear to have confused the true and correct meaning of the word "jurisdiction," as employed in Section 142 of our Constitution, and the word "venue" as is attempted to be set out in the Section 710, supra, of our Civil Code of Practice. Not only so, but in a number of cases from this court, cited by respective counsel, the writer of the opinion did not differentiate the true meaning of the two words ("jurisdiction" and "venue"), although it was made plain by the record in hand the true nature of the question presented, i. e., that of jurisdiction proper, or only that of venue. The Constitutional section referred to (142) says: "The jurisdiction of justices of the peace shall be co-extensive with the county."

Section 710 of the Code says in part: "If the defendant reside in the county in which the summons is issued, it shall be returned for trial in the district of his residence, unless he otherwise consent in writing, signed by him and indorsed on the summons; or, unless the justices in such district be interested or refuse to act, in which case it shall be returned in an adjoining district."

That section clearly relates only to the venue, or place, or locality of the trial which the section attempts to fix as the magisterial district within which defendant resides. It has nothing to do whatever with the subject matter of the action legally triable by the court and which, in brief, forms the jurisdiction of the court to try the particular subject matter.

"Subject matter" of which a court has jurisdiction relates to the right of the court to try and dispose of the particular character of the case either criminal or civil. The measure of such jurisdiction in either class of actions emanates from the constitution of the state within which the court sits, or by the legislature acting pursuant to authority conferred upon it by the Constitution. As relates to civil cases or legislature, pursuant to constitutional right, fixed, in Section 1086 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, the jurisdiction of justices of the peace concurrent with circuit and quarterly courts, wherein the recovery of money was sought, in all cases in which the amount did not exceed $100. So that, the justice (defendant) did have ju-

risdiction of the case of Rolf against the instant plaintiffs pending in his court, and which was "co-extensive with the county" which he was serving as such officer. That territorial jurisdiction, therefore, was and is immune from legislative interference through any attempt to alter its geographical limits.

The direct question was before this court in the case of Galot v. Pearce, 38 S. W. 892, 893, 18 Ky. Law Rep. 1004, Section 34 of Article 4 of our Constitution, immediately preceding the present one, contained the same language with reference to geographical jurisdiction of justices of the peace as is found in Section 142 of its successor, our present Constitution. Both say: "The jurisdiction of justices of the peace shall be co-extensive with the county." Our then Civil Code of Practice, preceding the present Carroll's Code, was known as "Myers' Code" and it contained in its Section 832 the same requirement as to return of processes issued by a justice of the peace in civil causes, as is found in our present Section 710 of Carroll's Civil Code of Practice. The facts out of which grew the litigation in the Galot case occurred when Myers' Code and our former Constitution were each in force. The judgment of the justice of the peace therein complained of was rendered against defendants therein, who resided outside of the geographical limits of the district, but within the confines of the county, and which was contrary to the then Section 832 of Myers' Code containing the requirements now found in Section 710 of Carroll's Code. That Section (832), however, went further and said that a judgment rendered by a justice in such circumstances "shall be null and void," but which fiat on the part of the legislature was omitted from the corresponding section (710) of our present Code.

It was contended in that case that, pursuant to the express provision of the then prevailing statute, the judgment attacked therein was void; but Judge Du Relle, writing for the court, overruled that contention and said: "It is well settled that 'the territory marked out for the justice, by the constitution of the state, over which he is to exercise his jurisdiction, cannot be reduced or changed by legislative enactments.' 12 Am. & Eng. Enc. Law, 404. In our opinion, the jurisdiction co-extensive with the county is not a mere power to issue process in actions, but the power to hear and determine causes (U. S. v. [De la Maza] Arredondo, 6 Pet. 691

[8 L. Ed. 547]), the proper remedy for the defendant in such a case being by motion to transfer to the court of the justice of the peace in the district of the defendant's residence."

Later the case of Schobarg v. Manson, 110 Ky. 483, 61 S. W. 999, 22 Ky. Law Rep. 1892, came before the court, and which involved the precise question here presented as based on facts exactly similar. The justice of the peace in that case overruled a motion of the defendant in the cause pending before him to transfer the trial of the case before a justice of another magisterial district in the county; thereafter the defendant making the motion filed the same character of action as the instant one in the circuit court of his county to prohibit the justice from further proceeding in the cause. In the course of the opinion, written by the same learned judge, the court said: "When sitting as a court to pass upon a motion, a justice of the peace is a judicial officer exercising a judicial function. If acting within the scope of his jurisdiction, a writ of prohibition does not lie to control the exercise of his judicial discretion. If he is wrong in his judgment, it is error, to correct which appeal will lie in proper cases, but no prohibition. This exact question seems decided in an opinion by Judge Paynter in Galbraith v. Williams [106 Ky. 431] 50 S. W. 686 [21 Ky. Law Rep. 79]. The judgment is affirmed."

Neither of those opinions has ever been overruled or modified. On the contrary, in the very late case of Shuey v. Shoemaker, Police Judge, 265 Ky. 473, 97 S. W. (2d) 19, we approved the rule so declared by the two earlier cases supra, i. e., that circuit court could not prohibit, under our Code of Practice, an inferior court from further proceeding in a cause pending before it, because it had or was threatening to act erroneously in a case of which it had jurisdiction; but that the remedy of the complaining party was by an appeal instead of a resort to a prohibitory independent action in the circuit court. Therefore, if it should be conceded that the enacted requirements of our present Section 710 of our Civil Code of Practice—relating to the right of a defendant in an action, instituted before a justice of the peace and of which he has jurisdiction under the law to demand a trial before another magistrate within the territorial jurisdiction of his residence—was constitutional, it does not necessarily follow that jurisdiction of the cause conferred by the Constitution is thereby taken away from

the magistrate in whose court the action was commenced, and that the latter possessed jurisdiction to determine whether or not he should try the case or transfer it for trial to another magisterial district in which the defendant resided. The right of the inferior court to determine such jurisdictional questions was discussed and upheld in the cases of Goodenough v. Kentucky Purchasing Company, 241 Ky. 744, 45 S. W. (2d) 451, and Pinkleton v. Lueke, 265 Ky. 84, 95 S. W. (2d) 1103. But in those cases the inferior court was exercising criminal instead of civil jurisdiction, and it is contended in this case that the rule is different in the respects here involved. But counsel has failed to convince us of any such difference when the character of case is one of which the justice has jurisdiction, be it criminal or civil.

But it is contended vigorously—and the trial court appears to have coincided therewith—that the cases of Wheeler v. Schulman, 165 Ky. 185, 176 S. W. 1017; Wilson v. Dean, 177 Ky. 97, 197 S. W. 547, and others of like tenor, in effect overrule the earlier Galot and Sholbarg cases, supra. However, it is manifested from a reading of the relied on opinions that such contention is erroneous and cannot be sustained. In some of them the court had before it only the question of proper justice of the peace venue within his county; whilst others dealt exclusively with the right of a justice of the peace to hold his court outside of the geographical limits of his magisterial district. None of them involved the question of the inferior court's general jurisdiction of the subject matter of the action; but only the questions of venue (or place of trial) of the action, or the location of the territorial sittings of the court while acting as such.

The word "venue"—unless it is given jurisdictional effect by localizing the action—relates only to the place where or territory within which either party may require the case to be tried, and, unless it is a localized action, the question of jurisdiction of the subject matter is not involved. Compare the cases of Britton v. Davis, 268 Ky. 7, 103 S. W. (2d) 665; Smith v. Wells, 271 Ky. 373, 112 S. W. (2d) 49, and others referred to in those opinions. We have held in all of our opinions up to the present time (as appears from the cases supra), that a justice of the peace has jurisdiction to determine the question as to whether or not he may try an action pending before him; provided he has jurisdiction of the

subject matter and of the parties. That the defendant in this case did possess such jurisdiction at the time he made the erroneous ruling complained of (if indeed it was erroneous) can not be disputed, and the only remedy open to plaintiff was an appeal from any judgment that he might render to the proper court and not to invoke the remedy of prohibiting him from further proceeding in the cause and which, as pointed out, has been continuously declared by this court up to the present time, as will be seen from the cases supra. When such authority exists in the inferior court, then a writ of prohibition from the circuit court does not lie.

The question as to whether or not the legislature may prescribe a different magisterial district in which a justice of the peace case may be tried from the one in which it was commenced—as Section 710 of the Civil Code of Practice attempts to do—is not now before us, and we will not attempt a disposition of it, although some of our prior opinions appear to have impliedly, at least, upheld such right.

Wherefore, for the reasons stated, the judgment is reversed, with directions to set it aside, and to dismiss the petition; the whole Court sitting.